Taylor v. Parker.

AUGUST TAYLOR

*vs.*

RODNEY PARKER.

There being nothing to show that a " case" settled, allowed and signed by a referee has been altered since signature, it is not proper for the *court* in which the same is of record to order such " case" to be amended upon the ground that it does not conform to the case as *originally* settled by the referee

A reference of this case was made by the court of common pleas for Ramsey county, and the cause tried before the referee, and a case settled before him. A motion was made by the plaintiff in the court below to amend the record. The court granted the motion on the ground that the case of record " does not conform to the case as originally settled by the referee." An appeal is taken from the order of the court

granting such motion to this court. A sufficient statement will be found in the opinion.

LAMPREYS, for Appellant.

P. DeROCHEBRUNE, for Respondent.

*By the Court.*—BERRY, J.—In this case plaintiff moved the court below, the common pleas for Ramsey, to amend the record upon the ground that the "settled case" had been materially altered since it was filed with the clerk of said court.

The amendment asked for was ordered by the court below, not, however, upon the ground above mentioned, but for the reason that the "case" of record "does not conform to the case as originally settled by the referee." In other words, the order is made, not upon the ground that the "case," meaning the identical document certified to by the referee and attached to the roll, has been in any respect changed since it was signed by the referee, but it is made upon the ground that the case so certified differs from the "case" as it was settled by the referee at the hearing upon the settlement, and before the case was engrossed and certified.

We understand it to be a usual and very proper practice for a referee to signify what parts of a proposed case and proposed amendments are allowed, and the case having been engrossed so as to conform to the determination of the referee, for the referee to attach thereto and sign a certificate to the effect that the case having been examined by him and found conformable to the truth, is hereby allowed and signed. Such is the character of the certificate attached to the "case" on record in this instance. We understand that the court below finds that

Taylor v. Parker.

the " settled case " of record does not conform to the case as it was determined upon by the referee prior to engrossment.

We think the court below erred in ordering an amendment upon this ground.

With sundry exceptions, not important here, a " case " is to be settled *by the referee* before whom an action is tried, and for obvious reasons. *Laws* 1870, *ch.* 74. And "the case * * being examined and found or made conformable to the truth, shall be allowed and signed by * * the referee." *Ibid.*

The statute has thus *prescribed* the manner in which the case is to be settled, and its settlement authenticated. In our opinion this authentication, so long as it stands, is conclusive upon the court to which the referee is auxiliary.

If the court can go behind the certificate, and change by way of amendment, or otherwise, the " case " as certified by the referee, then it is the court, and not the referee, which settles the case so far as such change is concerned, for the change is made in the face of the referee's certificate as prescribed by law that the case is correct as it stands.

If it is made to appear to the court that the referee's settlement of the case is incorrect on account of an error in engrossing, or some oversight, the proper course is to send the case back to the referee for correction. See *Wescott vs. Thompson,* 16 *N. Y.* 613; *Bazille vs. Ullman,* 2 *Minn.* 134. The order appealed from is reversed, and the order granting the amendment is vacated.