————o————

PATRICK H. ROBERTSON, Respondent, *vs.* THE ATLANTIC & PACIFIC R. R. Co., Appellant.

1. *Railroads—Damages to stock—Failure to erect fences and cattle guards at stations—Negligence.*—From motives of public policy the failure of a railroad to fence its track at a station, will not render it liable for the killing of stock at that point, except on proof of actual negligence. And the same rule will obtain touching failure to construct cattle guards at such locality, where it appears that the access of the public to the station would thereby be interfered with.

*Appeal from Cole County Circuit Court.*

*J. N. Litton,* for Appellant, cited: Lloyd vs. Pacific Railroad, 49 Mo. 149 ; Swearingen vs. M., K. & T. R. R. *ante* p. 73 ; Morris vs. St. L., K. C. & N. R. R., 58 Mo. 78.

*E. L. King,* for Respondent, cited: Wagn. Stat. 1872, p. 310, § 43 ; Fickle vs. St. L.. K. C. & N. R. R., 54 Mo. 219 ; Walther vs. P. R. R., 55 Mo. 271.

NORTON, Judge, delivered the opinion of the court.

This suit was brought to recover damages for the alleged killing, by defendant, of plaintiff's cow. The cause of action was founded upon the fifth section of the Damage Act (Wagn. Stat. 520) ; and upon a trial in the Cole county circuit court, on appeal from the judgment of a justice of the peace, plaintiff obtained judgment, from which defendant has appealed to this court.

The evidence on the trial tended to show, that plaintiff's cow was killed on defendant's road, near Scot's station and east of the station ; that the railroad was fenced, on both sides, from

and beyond where the animal was killed to a point a short distance west of the station, where a public road, running north and south, was crossed by said railroad ; that there was no cattle guard at and between the public road and said station ; that the cow got on defendant's track for the lack or want of such cattle guard ; that Scot's station was a point on said road at which defendant's trains stopped to take and put off mails, and receive and discharge passengers and freight ; and that the erection and maintenance of a cattle guard at the place where defendant's road crossed, would prevent the public from getting to and from the said station.

Plaintiff, in his evidence, testified that such a result would follow from the maintenance of a cattle guard at the place where his cow entered upon the defendant's road. He also testified that one of the switches of defendant's road extended from the said station across the public road.

Upon the above state of facts, the court, against the objection of defendant, gave the following instruction :

" The jury are instructed, that the defendant is required by law to maintain good and substantial fences on the sides of its road, where the same passes along or adjoining inclosed or cultivated fields, of the height of at least five feet, and to keep and maintain cattle guards at all railroad crossings where fences are required to be maintained and kept up, suitable and sufficient to prevent horses and cattle from getting on the railroad track. If, therefore, the jury shall believe from the evidence, that the plaintiff was, on or about the 13th day of January, 1875, the owner of the cow mentioned in the complaint, and that the cow got on the road of defendant at and from a point where defendant was bound to construct and maintain such cattle guards, and there were no such cattle guards kept up or maintained at such point by defendant ; that the cow was killed by the cars of defendant in consequence thereof, at Jefferson township, as stated in the complaint, then they will find for plaintiff, and assess his damages at whatever sum, from the evidence, he has sustained, not to exceed forty dollars."

The following declaration asked by the defendant was refused:

"If the jury believe that Scot's station is a station on defendant's railroad, where said railroad receives and discharges freight and passengers, and where said road maintains a station for the use of the public and said railroad, and the grounds thereabouts, and from which plaintiff's cow strayed on said railroad, were kept open, and no fence or cattle guards there maintained on the sides of said road just west of said railroad station, and that no such fence or cattle guards could be erected, or maintained, without obstructing the access by the public to said railroad station, the said defendant was not bound to construct or maintain said fences or cattle guards to the detriment of the public; and if the jury believe from the evidence that said cow strayed on said railroad in consequence of the failure of defendant to erect and construct said fence and cattle guards, and that in consequence thereof said animal was killed, then defendant is not liable therefor, unless defendant was guilty of negligence in running its trains, whereby said cow was killed; and of this there is no evidence before the jury."

After refusing the above and other instructions not necessary to notice, the court of its own motion, over the objection of defendant, gave an instruction worded in every respect like the one refused (*supra*), except that the words "cattle guards" were omitted wherever they occurred in the refused instructions.

In the instruction given by the court of its own motion the jury are told, that public necessity would excuse defendants from building fences on the sides of their road at Scot's station, and in doing this, was fully sustained by the cases of Lloyd vs. The Pacific R. R. Co., 49 Mo. 199; Morris vs. St. L., K. C. & N. R. R. Co., 58 Mo. 78; Swearingen vs. M., K. & T. R. R. Co., 64 Mo. 73. But the very same principle decided in these cases, would also excuse the company from erecting and maintaining a cattle guard, if by such cattle guard the public would be shut out from the station of defendant.

The evidence of the plaintiff, and other witnesses introduced on his behalf, shows that the erection of a cattle guard, at the place where the cow got on the track, would have had that effect.

We therefore think that the court erred in refusing to give the instruction as asked for by defendant.

We have been cited to the case of Walther vs. Pac. R. R. Co., (55 Mo. 276) as sustaining plaintiff's view. That case simply decides, that when stock are killed by a railroad company, at a point on its road where it is required to be fenced, but is not fenced, it would be presumed that the injury was occasioned by failure to fence the road, in the absence of opposing evidence. In the case at bar the evidence shows that the road was fenced where the cow was killed, and there was also affirmative evidence showing that the cow got on the track for want of a cattle guard.

Judgment reversed and cause remanded, with the concurrence of the other judges.