THOMAS GREELEY *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY
COMPANY.

January 21, 1885.

**Railway Companies — Fences and Cattle-Guards in Villages.**— Gen.
St. 1878, *c.* 34, § 54, requiring railroad companies to fence their roads,
and to build cattle-guards at wagon crossings, applies as well to the lim-
its of incorporated cities and villages as to the country.

**Same—Exceptions—Streets—Public Grounds—Depot Grounds.**—This
statute is to be construed as allowing an exception where the company
has no legal right to do the act, as where it would obstruct public streets
or other public grounds.   There is also an implied exception as to places
required to be left open by public necessity or convenience, such as sta-
tion or depot grounds used for the exit or entrance of passengers, or the
receipt and delivery of freight.   But this public convenience is the limit
of the exception.

**Same—Inconvenience to Company no Excuse.**— Mere difficulty or in-
convenience to the company creates no exception, and will not relieve it
from complying with the law.

Plaintiff's horse, drawing a wagon, escaped from him and wandered
upon the tracks of defendant between Mississippi street and Lafayette
avenue in the city of St. Paul, and was run down by a passing locomo-
tive.   For the damages thus sustained by him the plaintiff brought
this action in the district court for Ramsey county, alleging failure
of defendant to fence its railway and maintain cattle-guards in the
vicinity of the place of the accident.   The defendant alleged, among
other things, that the place where the horse is alleged to have wan-
dered upon the track "is within the yard limits of this defendant's
road."   At the trial before *Brill*, J., and a jury, the plaintiff had a
verdict, and the defendant appeals from an order refusing a new
trial.

*R. B. Galusha* and *J. Kling*, for appellant.

*Wm. Louis Kelly*, for respondent.

MITCHELL, J.   The statute reads : "All railroad companies in this
state shall   *   *   *   build, or cause to be built, good and sufficient
cattle-guards at all wagon crossings, and good and substantial fences

on each side of such road. All railroad companies shall be liable for domestic animals killed or injured by the negligence of such companies; and a failure to build and maintain cattle-guards and fences, as above provided, shall be deemed an act of negligence on the part of such companies." Gen. St. 1878, c. 34, §§ 54, 55.

1. The first contention of defendant is that this statute has no application within the limits of an incorporated city or village. There is certainly no such exception to be found in the statute, and, if we consider the evil and danger against which the legislature intended to provide, there is no reason why the requirements of the act should not apply within cities and villages as well as in the country. It is not for the court to nullify by construction the plain and explicit requirements of the statute. *Cleveland & P. R. Co.* v. *McConnell*, 26 Ohio St. 57; *Brace* v. *New York C. R. Co.*, 27 N. Y. 269; *Bradley* v. *Buffalo, etc., R. Co.*, 34 N. Y. 427; *Tracy* v. *Troy & B. R. Co.*, 38 N. Y. 433; *Flint, etc., Ry. Co.* v. *Lull*, 28 Mich. 510. We find no authority to the contrary, except in those states where incorporated towns and villages are, in terms, excepted by the statute. These, of course, are not in point.

2. The second assignment of error is the refusal of the court, on the trial, to allow defendant to prove by its road-master "that there would have been difficulty in fencing and putting in cattle-guards there," and "that the point at which the horse wandered upon the track was within the yard limits of the defendant's road, and at that point it would have been impracticable to erect cattle-guards." This offer, as we construe it, does not contemplate any attempt to prove that the defendants had not the *legal right* to fence this part of its road, or to put in cattle-guards at this street crossing, or that this "yard" was a public place used, or required to be used, by the public in transacting business with the company, or that any public convenience or necessity required that it should be left open. With the offer in this form, it is to be assumed that the difficulty and impracticability proposed to be proved have reference solely to the convenience of the company. But inconvenience to the company will not relieve it from obeying the law. *Bradley* v. *Buffalo, etc., R. Co., supra.*

Of course, this statute must be construed in the light of other provisions of law against obstructing streets, highways, and public grounds. Hence a statute like this, which, in general terms, imposes this duty on a railroad company, is always construed as allowing an exception where the company has no legal right to do the act. It does not require them, for example, to build a fence in a public street or other public grounds.

There is another exception implied as to places required to be left open by the *public* necessity or convenience, such as grounds about stations which are used for entrance or exit of passengers, or the receipt and delivery of freight; but this public convenience is the limit of the exception. This is as far as even the cases from Iowa and Indiana relied on by defendant go, when carefully examined. In *Davis* v. *Burlington & M. R. R. Co.*, 26 Iowa, 549, in which the court held that the company was not bound to fence its "depot grounds," they place their decision upon the ground that these were required and used for loading and unloading freight, and all the purposes incident to a station, and hence that public convenience required that they be left open. They expressly say that mere inconvenience to the company has little if any weight; that they look rather to the public convenience and public interest. That they did not intend to extend the exception beyond this is evident from a subsequent decision, in which they held that the space used for switches or side tracks adjacent to the station was not necessarily within the exception. *Comstock* v. *Des Moines V. R. Co.*, 32 Iowa, 376. See, also, *Latty* v. *Burlington, C. R. & M. Ry. Co.*, 38 Iowa, 250. It may also be suggested that the court laid special emphasis on the peculiar phraseology of the Iowa statute.

In Indiana, the court seems to have viewed some provisions of their statute as penal, and hence was inclined to construe it somewhat strictly. Yet in *Indianapolis & C. R. Co.* v. *Parker*, 29 Ind. 471, the court say that while the statute has no application to points "where it would be illegal or improper that the road should be fenced, such as the crossings of streets or alleys in a city or town, * * * or at mills, etc., where *public convenience* requires the way to be left open," *yet that this is the limit of the exception.*

This was followed in *Jeffersonville, etc., R. Co.* v. *Parkhurst,* 34 Ind. 501, and is approved in *Flint, etc., Ry. Co.* v. *Lull, supra.* See, also, *Wabash Ry. Co.* v. *Forshee,* 77 Ind. 158, and *Robertson* v. *Atlantic & P. R. Co.,* 64 Mo. 412.

In Pierce on Railroads 420, 421, the rule is stated thus: "A statute which, in general terms, imposes on the company the duty to fence is construed as allowing exceptions required by the public necessity or convenience," and hence that it is not required to fence its road across a highway, or "to inclose the grounds about its stations for freight and passengers, which are required to be kept open for *public* convenience."

Thompson, in his work on Negligence, vol 1, page 521, concludes that the proper test, as deduced from the American cases, of whether a place ought to be fenced, seems to be the fact of its being in law a *public place,* joined with the fact of its practical use by the public.

The evidence offered by defendant did not tend to bring the case within either of the implied exceptions to the statute. It neither tended to prove that it had no legal right to construct fences and cattle-guards at this place, or that public necessity or convenience, in transacting business with the road, required that the place should be kept open and unobstructed. As already suggested, the fact that it would be inconvenient for the company to fence, of itself, creates no exception, and will not relieve it from complying with the law. If the statute is too strict or onerous, the remedy is with the legislature. Our conclusion, therefore, is that there was no error in excluding the evidence offered.

Order affirmed.