MARCUS KOBE *vs.* NORTHERN PACIFIC RAILROAD COMPANY.

April 29, 1887.

**Railway Company—Fences—Depot Grounds.**—The implied exception to the statute requiring railroad companies to fence their tracks, which allows places to be left open to afford necessary and suitable access to station and depot grounds, simply modifies the general obligation to fence so far as the necessity upon which the exception rests requires. It is nevertheless the duty of a company to erect and maintain suitable fences and guards to prevent domestic animals from passing over or through the depot grounds on to the track, beyond the limits of such grounds.

Plaintiff brought this action in the district court for Morrison county, to recover damages for the killing of cattle by a locomotive of defendant, at a point where its track was not fenced. The defendant pleaded that the cattle came upon its track at a point within its depot grounds at Royalton, which it was not required to fence. At the trial before *Collins,* J., there was a conflict of evidence as to where the cattle first came upon the track, and the court left it to the jury to find whether they came upon the track at a point where the company was required to fence, instructing them that the company is not required to fence depot grounds which public convenience requires to be left open. The jury found for plaintiff, and defendant appeals from an order refusing a new trial.

*W. P. Clough* and *John C. Bullitt,* for appellant.

*W. F. Street,* for respondent.

BERRY, J. The statute requires every railroad company in the state to build and maintain good and' sufficient cattle-guards at all wagon crossings, and good and substantial fences on each side of its road. Gen. St. 1878, c. 34, §§ 54, 55. In *Greeley* v. *St. Paul, M. & M. Ry. Co.,* 33 Minn. 136, (22 N.W. Rep. 179,) this statute was held to be subject to an implied exception as to places required to be left open by public necessity or convenience, such as station or depot grounds, used for the exit or entrance of passengers, or the receipt and delivery of freight. But it was also held that this public convenience is *the limit of the exception.* The obvious purpose of the

statute is to prevent domestic animals from going upon railroad tracks. This purpose is to be kept in mind, notwithstanding the exception, which simply operates to modify or qualify the general obligation to fence so far only as the necessity upon which it rests requires; that is to say, save so far as is necessary to afford convenient and suitable access to station or depot grounds, the road must be protected from the incursions of domestic animals by guards and fences.    For the purpose of accomplishing the manifest design of the statute, the places which it is necessary to leave open to afford such access may properly be regarded as, or as in the nature of, wagon crossings, and the passing of domestic animals from the depot grounds to the track beyond their limits, in either direction, is to be fenced or guarded against in like manner as in case of such crossings.    In this view of the law, it makes no difference, as respects the liability of a company, whether cattle killed upon its track, outside of depot grounds, reach the place where they are killed by passing over or through such grounds, or by going upon the track at any other place required to be fenced.

This disposes of the law of the case, and, upon the evidence, the jury were at liberty to determine the questions of fact adversely (as they have done) to defendant.

Order affirmed.