JOHN Y. HOOPER *vs.* CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAIL-
WAY COMPANY.

May 30, 1887.

**Appeal—Failure to State Grounds of Exception.**—Where the grounds
of an exception to a ruling or decision of the trial court are not stated,
such exception will not ordinarily be considered on appeal, especially
where the objection might have been obviated by an amendment in that
court.

**Railway Company— Negligence—Fencing—Depot-Grounds.**—The ev-
idence returned in this case *held* sufficient to establish the fact that the
place where the alleged injury occurred was a part of the defendant's
depot-grounds, and that the public convenience requires that it should
remain unfenced. *Held, also,* that the evidence in the case fails to show
that the accident was the result of actual negligence in the management
of defendant's train.

**Same—Double Costs.**—To entitle a plaintiff to extra or double costs, under
Gen. St. 1878, *c.* 34, § 56, the action should not be commenced until after
the expiration of the 30 days allowed the railroad company to pay or ten-
der the actual damages.

Plaintiff brought this action before a justice of the peace of Scott
county, to recover the value of a cow alleged to have been killed by
the negligence of the defendant. The defendant appealed upon ques-
tions of law to the district court, where the judgment of the justice
was affirmed by *Edson,* J., with double costs. Defendant appeals
from the judgment of the district court.

*John D. Howe* and *Lorin Cray,* for appellant.

*R. A. & F. C. Irwin,* for respondent.

VANDERBURGH, J. Upon the return-day when this case was called
for trial, the defendant appeared specially, and moved to dismiss on
the ground that the court had no jurisdiction. The particular ground
of objection was not stated, and the court overruled the motion. It
now appears that the ground relied on was that the officer's return
did not show proper service of the summons. The specific objection
should have been pointed out so as to enable the court to rule intel-

ligently, in which case the return might have been amended to conform to the truth, if the summons was in fact properly served.    The objection should not be entertained here.

2. The plaintiff's cow, which was running at large in the borough of Belle Plaine on the day in question, strayed upon the grounds of the defendant, and thence upon the track, and was run over by one of its trains, and fatally injured.    The defendant occupies portions of three blocks in the borough with its main and side tracks and depot building.    The block in question where the cow was injured was not fenced.    She entered upon that portion of it which lies south of the track, and which was customarily and necessarily used by defendant for the storage of cord-wood hauled there by farmers for shipment. It is also occupied by an elevator for the receipt and shipment of grain.    We think the evidence satisfactorily shows that, from the nature and extent of the business required to be transacted upon this ground, the public convenience requires that it should remain unfenced, and that the manner in which it has been occupied for several years, and the uses to which it is devoted, bring the case within the rule laid down in *Greeley* v. *St. Paul, M. & M. Ry. Co.*, 33 Minn. 136, (22 N. W. Rep. 179.)    Under the circumstances disclosed by the evidence, this defendant was not liable merely for its omission to fence these premises.

3. If, then, the statute in respect to fencing is inapplicable to the case, and it is sought to charge the defendant on the ground of the negligent management of the train, or for its failure to stop the engine sooner, the case must be determined upon common-law principles, and, as to trespassing cattle, the defendant would only be liable for actual negligence on the part of the engineer in omitting to give the proper signals, or in failing to use due diligence to prevent the accident after he saw the danger.    *Scheffler* v. *Minn. & St. Louis Ry. Co.*, 32 Minn. 518, (21 N. W. Rep. 711.)    We discover no evidence of such negligence.    *Locke* v. *First Div., etc., R. Co.*, 15 Minn. 283, (350.)

4. The action was brought and summons made returnable within 30 days after the accident.    Judgment was rendered in the justice's court against defendant, and affirmed in the district court on appeal

upon questions of law alone, with extra costs as provided by Gen. St. 1878, c. 34, § 56.   By that section, as we interpret it, a railroad company is given 30 days, at least, and up to the time of the commencement of the action, in which to tender damages.   To entitle plaintiff to double costs under that section, the action must not be brought within 30 days after the injury complained of, since the company has the whole of that period in which to pay, and of course its right to plead a tender is not to be sooner cut off.   This length of time is given in order to afford the defendant opportunity to investigate the claim and settle without suit.   It is the policy of this particular statute to encourage such settlements and discourage litigation.

Reversed and remanded, with directions to render judgment for the defendant.