JOHN P. HURT *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

December 6, 1888.

**Railway—Duty to Fence—Exceptions for Benefit of Public.**—The exception, by implication, to the statute imposing upon railway companies the duty of fencing their tracks, by which such places as are necessary and convenient for the use of the public may be left open, cannot be extended to a siding used merely for the loading of ties, wood, and piling purchased by the company, (there being no testimony tending to show the amount of such business,) and for the passing of trains, at a point where no depot is maintained, no employe stationed, and where persons desiring to take passage are obliged to flag the trains themselves.

Appeal by defendant from an order of the district court for Benton county, *Searle*, J., presiding, refusing a new trial. One ground of the motion was that the verdict was contrary to the instructions, to which the court, in deciding the motion, answered that "a 'verdict contrary to law' does not mean contrary to the law as given by the court, but contrary to the law applicable to the facts of the case. In my opinion a new trial would not change the result; and even though the verdict may be contrary to erroneous instructions of the court, the motion should be denied."

*M. D. Grover* and *Reynolds & Stewart,* for appellant.

*Oscar Taylor,* for respondent.

COLLINS, J.  We see no error in the charge of the court to the jury of which the appellant should complain; nor can it be said that the verdict of the jury was not fully justified by the evidence.  The statute (Gen. St. 1878, c. 34, §§ 54, 55) which compels railway corporations to fence their right of way is so familiar to the profession, and has been so often quoted in the decisions of this court in stock-killing cases, that a repetition of the phraseology seems unnecessary; and while this statute is imperative, and excludes no part of the line in terms, it is held to be subject to an implied exception as to places, such as depot and station grounds, used for the convenience of passengers and the necessary handling of freight, which may be kept open and unfenced.  The convenience, the necessities of the public, is the test; and this convenience and necessity is the limit of the exception to the statutory rule imposing upon railroads the duty of fencing upon each side of their tracks.  *Greeley* v. *St. Paul, M. & M. Ry. Co.,* 33 Minn. 136, (22 N. W. Rep. 179;) *Kobe* v. *Northern Pacific R. Co.,* 36 Minn. 518, (32 N. W. Rep. 783.)  In neither of these cases was there any attempt to define what may or should constitute depot or station grounds, except in a general manner; while in *Hooper* v. *Chicago, St. Paul, M. & O. Ry. Co.,* 37 Minn. 52, (33 N. W. Rep. 314,) the court held that ground customarily and necessarily used by a railroad company for the storage of wood hauled there for shipment, and upon which was an elevator used for the storage and shipment of grain, (the evidence satisfactorily showing that the nature and extent of the business transacted upon the ground required that it should remain unfenced,) must be held to come within the exception.  In *Fowler* v. *Farmers' Loan & Trust Co.,* 21 Wis. 77, it was stated "that depot or station-grounds are a place where passengers get on and off the cars, and where goods are loaded and unloaded, and all grounds necessary or convenient and actually used for these purposes."

In the case at bar there is no dispute over the real character of the grounds upon which plaintiff's mules were killed.  The side track was about 1,600 feet long, upon the southerly side of the main line.

It was wholly unfenced, and near one end was a highway crossing. There had never been a depot there, but, when flagged by persons who wished to take passage, accommodation trains stopped. The side track seems to have been used for the occasional siding of trains, and upon it were placed cars to be loaded with ties, wood, and piling bought by the appellant company of those who resided in the neighborhood. We assume that the wood, ties, and piling were stored along-side the side track pending shipment. There was no section-house upon the premises; it is conceded that there was no person in charge of the grounds; and there is no testimony tending to show that a pound of freight was ever shipped to or from the place. The exception to the rule in regard to fencing would seem much too elastic should we hold that 1,600 feet of siding, used only for the passage of trains, and for the wood, tie, and piling traffic of the company, (the extent thereof remaining wholly undisclosed,) is either necessary or convenient for the public, at a point where there is no freighting carried on, and where the passenger traffic is limited to such persons as choose to remain out in the open air until an accommodation comes along, and then necessarily—there being no employe of the company in attendance—flag the train themselves.

The other point made by the appellant has been disposed of, as was well stated by the trial court in its "memorandum," in *Dorr* v. *Mickley,* 16 Minn. 8, (20;) *Colter* v. *Mann,* 18 Minn. 79, (96;) *Lewis* v. *St. Paul & Sioux City R. Co.,* 20 Minn. 234, (260.)

Order affirmed.