JOHN COX vs. MINNEAPOLIS, SAULT STE. MARIE & ATLANTIC RAILWAY
COMPANY.

June 24, 1889.

**Railway—Statutory Liability to Fence—Burden of Proving Exception.**—Where domestic animals are killed or injured on a railway track not protected by fences or cattle-guards, the burden rests upon the railway company to show that it is not bound to fence at that place, on the ground that it is necessary to be kept open for the accommodation of the public. The implied exemption is not to be extended to cases where the reason for it is wanting; and, where the particular land in controversy is not actually used for such public purposes, it is not enough that the plans of the company contemplate such use at some indefinite time in the future.

**Same—Stock killed on Track—Fence at Place of Entry.**—In case of accident resulting from the presence of such animals upon a railway track, it is the condition of the road where they enter upon it, and not where they are killed, that must govern.

**Same—Contributory Negligence.**—The owner of such animals is not chargeable with contributory negligence, where they escape and get upon an unfenced railway track without his fault.

Appeal by defendant from an order of the district court for Hennepin county, *Hicks*, J., presiding, refusing a new trial after verdict of $155 for plaintiff.

*J. D. Springer, H. S. Abbott,* and *F. D. Larrabee,* for appellant.

*C. F. Baxter,* for respondent.

VANDERBURGH, J.    The plaintiff's horse ran away and entered upon the unfenced right of way and track of defendant in the suburbs of the city of Minneapolis, and was killed. This action is brought to recover its value, with harness alleged also to have been destroyed by the colliding engine. The argument of the defendant proceeds upon the assumption that the horse entered upon the track at a wagon-crossing, open and used for travel, distant 65 feet north from the "head-block" and last switch in that direction, connecting a side track leading to a round-house with the main track, which runs to

and connects with a system of tracks upon terminal grounds occupied by defendant's shops, etc., both the round-house and shops being several hundred feet distant from the switch. As there is evidence tending to show that the horse turned up the main track on that crossing, and the jury may have so found, some of the legal propositions submitted must be considered in reference to such a state of facts.

1. It was the duty of the defendant to protect its track by a fence or by cattle-guards at that point, unless the situation was such as to bring the case within the implied exception to the statutory provisions requiring such precautions. That is to say, if it was necessary that the grounds of the company there, including this crossing, should have been kept open in order to enable the company properly to discharge its duties to the public, and accommodate the public convenience or necessity, then, within the settled rule of this court, the defendant would not be liable for a failure to fence. *Greeley* v. *St. Paul, M. & M. Ry. Co.*, 33 Minn. 136, (22 N. W. Rep. 179;) *Hooper* v. *Chicago, St. Paul, M. & O. Ry. Co.*, 37 Minn. 52, (33 N. W. Rep. 314,) and other cases. But the construction under which this exception is implied in the practical application of the statutory rule is not to be extended to cases where the reason for it is wanting, or beyond the reasonable limits of the company's depot or other public grounds which necessarily fall within the exemption.

2. In this case it appears that the defendant's line of road, running north from the switch, traverses an open area, with no intersecting highway or travelled crossing for a long distance, except at the place named, and is not fenced. The horse was overtaken upon a bridge a considerable distance above this crossing, so that, whether the jury found that it entered upon the track at that place or at any point between it and the bridge, the company would be presumptively subject to the statutory rule; and it is the condition of the road where the horse entered the right of way of the defendant, and not at the place where he was killed, that is to govern, and that becomes material to consider upon the question of the company's liability. From the switch north the road has but a single track, and the burden

rested upon the defendant to prove the existence of the facts to bring the case within the exception, and to show that it was not bound to fence or maintain cattle-guards at the place in question.   But the evidence fails to show that the track at or above the crossing is within its yard as at present occupied, used, or required for the business of the company.   An engineer of the defendant testified that a map introduced in evidence accurately represented the grounds, buildings, and line of the road as above described; that the company owned 160 acres there; that above the switch there was nothing but the main line now, and below were the car-shops, etc.; and he was thereupon asked, "Have the company at present adopted plans for the future development of these yards as the business develops?" which was ruled out by the court.   The company had acquired a large tract, which in its judgment would at some future time be needed by it for its yards, terminal grounds, and side tracks; but there is no suggestion that its yard and facilities for transacting its business at that place are not all that are required for the present and a reasonable time to come.   It is not enough that the plans of the company contemplate, at some indefinite time in the future, the use of all these grounds for additional structures and increased business.   The statute is to be given a practical and reasonable construction, and its operation as a police regulation is not to remain in abeyance to suit the private interests of the company or the future development of its plans or growth of its business.   *Kobe* v. *Northern Pacific R. Co.*, 36 Minn. 518, (32 N. W. Rep. 783.)

3. The case does not disclose any negligence on the part of the plaintiff in suffering his horse to be at large.   It appears that he escaped from custody, and ran away, and was killed in harness, but it does not appear that it was through plaintiff's fault or carelessness. It was for the defendant to establish plaintiff's contributory negligence, and it is not shown in this case.

Order affirmed.