GEORGE F. LA PAUL *vs.* WILLIAM H. TRUESDALE, Receiver.

August 19, 1890.

**Railway—Duty to Fence in Village.**—The mere fact that a railroad is within the limits of an incorporated village does not exempt the company from the statutory duty of inclosing the track, where practicable, by fences and cattle-guards. The fact that it is necessary to leave the track uninclosed at a particular place does not justify the neglect to inclose it beyond that place.

Action brought in the district court for Hennepin county against defendant, as receiver of the Minneapolis & St. Louis Railway, to recover $320, the value of a horse which went upon the railway track at a point where it was not fenced, and was killed. Plaintiff appeals from an order by *Young*, J., refusing a new trial after a dismissal ordered at the trial.

*Geo. S. Grimes*, for appellant.

*Albert E. Clarke*, for respondent.

DICKINSON, J. This is an action to recover the value of the plaintiff's horse, which, having escaped from confinement, went upon the railroad, and going along the track got into a trestle bridge crossing an arm of Lake Minnetonka, and was killed. The alleged cause of action to which our attention will be confined is the neglect of the railroad company to fence its track. Upon the case presented at the trial the court directed a verdict for the defendant for the reason that, as was considered, the situation was such that the statutory requirement to construct fences was inapplicable. This locality was within the incorporated village of Excelsior. The course of the road from the trestle bridge is in a southerly direction. At a point 458 feet south from the bridge, a highway known as "Second street" crosses the railroad. At that crossing the railroad company had constructed a platform, and made it a regular stopping-place for the reception and discharge of passengers in the summer season. The horse went on the railroad track either at the street-crossing or a short distance south of that. The record does not make this as clear as it probably was upon the trial, where plats were used in connection with the testimony. It is not, however, very material, and we will assume that the horse went on the track at the crossing, this being the view of the case most favorable to the defendant. The defendant is chargeable with negligence for the neglect to comply with the statutory requirement to construct fences and cattle-guards, unless the circumstances were such that by obvious implication the road at this place is to be regarded as excepted from the operation of the law. In our opinion, the case did not justify the conclusion that the statutory requirement was not applicable, and the injury complained of was properly attributable to the neglect of the defendant. The fact that the locality is within the corporate limits of a village does not excuse the neglect to construct fences and cattle-guards, where no other circumstance renders it necessary to leave the railroad uninclosed and accessible. There is nothing in the nature of things to prevent the inclosing of a railroad track by fences and cattle-guards, within incorporated villages as well as elsewhere; and that there are, to some extent at least, the same reasons why it should be done is illustrated by the facts of this case, showing not only the killing of this animal,

but a very obvious peril to a passenger train by reason of the road being uninclosed between the station and the bridge. Of course, the places where such inclosure is really impracticable may be more numerous in villages than in the country, but the statute does not except from its requirements the territory embraced within the corporate limits of villages, and no such general exception can be implied. *Greeley* v. *St. Paul, M. & M. Ry. Co.*, 33 Minn. 136, (22 N. W. Rep. 179.)

There was no evidence indicating any necessity for leaving the railroad uninclosed between the platform, a few feet from the street-crossing, and the bridge, a distance of more than 400 feet, nor that such an inclosure was not necessary. The railroad there is constructed on an embankment from 6 to 8 feet high; but, so far as appears, the embankment is not such as to prevent domestic animals from going upon the track. There is but one railroad track over any part of the road to which our attention is directed, nor is the road subjected to any other use than the passage of trains and the reception and discharge of passengers at the small platform by the street-crossing. No reason is disclosed why the road might not have been fenced all the way from this platform northward to the bridge, and a cattle-guard constructed just north of the platform connecting with the ends of the fences on either side of the railroad. That would have constituted a compliance with the law as respects that part of the road, and would presumably have prevented the accident complained of. The fact that it was necessary to leave the road unfenced at the street-crossing and at the platform station immediately adjacent thereto, affords no reason for not constructing a cattle-guard just north of the platform, and fences from that point northward to the lake. As respects this part of the road the case showed *prima facie* culpable neglect to perform the duty prescribed by statute. *Cox* v. *Minneapolis, etc., Ry. Co.*, 41 Minn. 101, (42 N. W. Rep. 924;) *Kobe* v. *Northern Pacific R. Co.*, 36 Minn. 518, (32 N. W. Rep. 783.)

Order reversed.