# MILLER v. CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY.

## . (No. 620.)

RAILROADS—FENCING TRACK—STATION GROUNDS—INJURY TO ANIMALS GOING UPON TRACK AT UNFENCED STATION GROUNDS.

1. The statute requiring a fence sufficient to prevent stock from getting on the track to be constructed and maintained on each side of the track of a railroad, except within the boundaries · of an incorporated city or town, and making the railroad company liable for live stock killed or injured by reason of its failure to so fence its track, was not intended, and is not to be construed, to require the fencing of station grounds outside of incorporated cities and towns, where public convenience requires the same to remain open.

[Decided January 3, 1910.]                    (105 Pac. 909.)

ERROR to the District Court, Laramie County, HON. RODERICK N. MATSON, Judge.

The facts are stated in the opinion.

*Clyde M. Watts,* for plaintiff in error.

By the statute requiring railway corporations to fence their track and keep such fence in repair, except within the boundaries of an incorporated city or town, the Legislature has made such exceptions to the requirement as it deemed proper. Station grounds outside of an incorporated city or town do not come within the exception. A place containing 150 people may be incorporated as a town. (Rev. Stat. 1899, Sec. 1521.) In any community containing so few people that it cannot incorporate . under the law, the business to be done there will be so small that it will not be interfered with by fencing the railroad track. It would seem, therefore, necessary to construe the statute literally, and as requiring station grounds to be fenced unless situated within an incorporated city or town. (R. R. Co. v. Dumser, 109 Ill. 402; R. R. Co. v. Haus, 111 Ill.

114; R. R. Co. v. Simpson, 2 Tex. Civ. App. 670; Bradley v. R. R. Co., 34 N. Y. 427; Latty v. Ry. Co., 38 Ia. 250; R. R. Co. v. Franklin, 159 Ill. 99; Brandenburg v. Ry. Co., 44 Mo. App. 224; Jaeger v. R. R. Co., 75 Wis. 130; Kove v. Ry. Co., 36 Minn. 518.) Possibly where no exception is contained whatever in the statute, it may be construed as excepting from the necessity of fencing station grounds, not only within but outside of cities and towns, but where the statute expresses an exception it should be understood as excluding any other. (Greeley v. Ry. Co., 33 Minn. 136.) If there is no wisdom in the law, it is for the Legislature, and not the courts, to remedy it. A construction is not authorized different from the natural and obvious meaning of the statute, in consideration of its results. When the meaning of the statute is doubtful, any evil consequences to the public which may flow from it may be considered, in order to give it a more beneficial construction; but when the legislative intent is clearly expressed, such consequences cannot be considered. (Black Interp. Law, 38, 58.) Farmers and live stock owners are entitled to the protection of their stock by the fencing of railroads even at stations; unless the statutes except such places. We believe that it would work no hardship on the defendant, and that it will be to the best interests of the people, to require it to fence its tracks, unless included within the limits of incorporated cities and towns.

*Burke & Clark,* for defendant in error.

There must be an implied exception in the statute requiring the fencing of railroad tracks, so far as station and depot grounds are concerned, whether they are situated within the limits of incorporated cities or towns or not. A considerable portion of the railroad business in this State is outside of incorporated cities and towns. Along the line of one railroad within the State for a distance of about 100 miles, a tremendous business is transacted, and yet along that portion of the road there is not an incorporated city or town. The same is true of other railroads

in the State, and of the railroad of the defendant in this case.  By the great weight of authority it is held that a statute like the one under consideration is to be construed as impliedly excepting station and depot grounds, notwithstanding that the statute expressly contains other exceptions. (Swearingen v. R. R. Co., 64 Mo. 73; Lloyd v. R. R. Co., 49 Id. 199; Morris v. R. R. Co., 58 Id. 78; Davis v. R. R. Co., 26 Ia. 529; R. R. Co. v. Beatty, 36 Ind. 19; Ry. Co. v. Campbell, 47 Mich. 265; Ry. Co. v. Lull, 28 Id. 515; 1 Redfield on Railways, 469; Thompson on Negligence, 519; R. R. Co. v. Sevcek (Neb.), 101 N. W. 981, 110 N. W. 639; Rosenburgh v. R. R. Co., 110 N. W. 641; Burnham v. R. R. Co., 119 N. W. 235; Wilmot v. R. & N. Co., 7 L. R. A. (N. S.) 203; 3 Elliott on Railroads, Secs. 1194, 1202; Schneekloth v. Company, 65 N. W. 663; McGrath v. R. R., 57 Mich. 555; R. R. Co. v. Jones, 111 Ind. 259; Beckdolt v. R. R. Co., 113 Ind. 343.)   We maintain, therefore, that the rule is well established, both in states which have statutes similar to our own, and elsewhere with statutes containing no exception whatever, that there must be an implied exception to any statute requiring railroads to fence their rights of way, taking from the operation of the statute, depot and station grounds, where the convenience and necessity of the public, and the safety of the railroad employees, demand that no fence shall be constructed or maintained.   A construction which would require station grounds to be fenced would work a hardship on the defendant and other railroad companies, as well as upon the people doing business with them.

BEARD, JUSTICE.

The plaintiff in error brought this action against the defendant in error, in Justice's Court of Laramie County, to recover the value of two head of cattle.   Judgment was rendered in that court in favor of plaintiff and against defendant, and defendant appealed to the District Court, where judgment was rendered in favor of defendant, and plaintiff brings error.

The plaintiff alleged in his petition that the cattle were killed by an engine on defendant's road, and that the place where the cattle went upon the track was not within the limits of any incorporated city or town, but was at a point where the defendant had failed to fence its track as required by law. No negligence is charged other than the failure to fence. The defendant answered, admitting that the place at which the animals went upon the railroad was not within any incorporated city or town, but alleged that "at the point where the said cattle were struck by the engine of this defendant, this defendant maintained station grounds upon which were located a station and section house, switching track, and cattle yards, and that it was necessary for public convenience and necessary for the proper operation of its railroad in attempting to carry on business with due regard and care for the safety of employes, that the track be left unfenced at that point; and that it was further necessary that the public have access to the station grounds; and that the locality where these cattle were struck is one where the proper conduct of the business, considering both the public convenience and the operation of its railroad with regard to the safety of employes, requires that it be left unfenced, it being a point where freight is loaded and unloaded frequently, and where passengers are admitted to its cars, and where switching is frequently done." The plaintiff demurred to this defense, which demurrer was sustained by the justice, and, on the evidence produced, he rendered judgment in favor of plaintiff. On appeal the demurrer was submitted to the District Court and was overruled, and the plaintiff electing to stand on his demurrer, judgment was rendered in favor of defendant. The foregoing statement, we think, sufficiently presents the issue.

It is at least doubtful if the answer, strictly construed, presents any defense, as it contains no allegation that the place where the cattle went upon the track was within the station grounds; the allegation being that the place where they were "struck" was so situated. But as both counsel

have argued the case on the theory that the cattle were struck at the same place at which they went upon the track we will so consider it.

Our statute, Chap. 84, S. L. 1907, Sec. 1, provides that "all railway corporations, owning or operating a line of railway within the State, shall construct, maintain and keep in repair on each side of the track thereof, a sufficient fence, so connected with suitable cattle guards at all public road crossings as to prevent stock from getting on the railroad track of said corporation, * * * Provided, That railway corporations shall not be required to construct and maintain a fence within the boundaries of any incorporated city or town." Section 2 of the act provides that "Any corporation operating a railway and failing to fence the same and to construct and maintain suitable cattle guards as required by Section 1 hereof, shall be liable to the owner or owners of any live stock killed or injured by reason of its failure to construct or keep in repair such fence or cattle guard in the manner provided in this act," etc.

The only question presented for consideration is, whether railroad companies are required, by the act quoted, to fence their station grounds where the same are situated outside of the boundaries of any incorporated city or town. Many of the states have enacted statutes requiring railroad companies to fence their "track" or "road" and making them liable for stock killed or injured by reason of a failure to fence, without other allegation or proof of negligence than such failure. Some of these statutes contain no exceptions whatever; while others except from the operation of the statute the territory within cities, towns, villages, or where the land has been platted into lots, etc.; and the question has frequently come before the courts as to whether under such statutes there is an implied exception of depot or station grounds, not mentioned in the statute, but necessary for the convenience of the public to be left unfenced; and the decisions have been quite uniform to the effect that such station grounds are not

required to be fenced. Under a statute making the company liable if it failed to fence "its road" it was held that it did not apply to or include depot grounds. (Davis v. Burlington & M. R. R. R. Co., 26 Ia. 549.)

A statute of Illinois required railroad companies to fence their "road" except at the crossings of public roads and highways, and within such portions of cities and incorporated towns and villages as are or may hereafter be laid out and platted into lots and blocks. It was held that the statute by its terms did not include stations, and that it was not intended to apply to public stations or depot grounds, although such stations or depot grounds were not situated within a city, town or village, for the reason that the convenience of the public requires stations and depot grounds to be open. (C. B. & Q. R. R. Co. v. Hans, 111 Ill. 114; T., St. L. &. K. C. R. R. Co. v. Franklin, 159 Ill. 99.) The Nebraska statute requires the railroad to be fenced, except at the crossings of public highways and within the limits of towns, cities and villages; and it has been held in that state that depot or station grounds or yards outside of cities, towns or villages were not required to be fenced (C. B. & Q. Ry. Co. v. Sevcek, 72 Neb. 793, 101 N. W. 981, on rehearing, 72 Neb. 799, 110 N. W. 639; Burnham v. C. B. & Q. R. Co., 119 N. W. 235.) For other cases construing statutes similar in effect to the one under consideration, see I.& G. N. R. R. Co. v. Locke, 64 Tex. 151; G. C. & F. Ry. Co. v. Ogg, 8 Tex. Civ. App. 285; Bechdolt v. G. R. & I. Ry. Co., 113 Ind. 343; C., H. & I. R. R. v. Jones, 111 Ind. 259; McGrath v. D. M. & M. R. R. Co., 57 Mich. 555; Schneekloth v. C. & W. M. R. R. Co. (Minn.), 65 N. W. 663; Greeley v. St. P., M. & M. Ry. Co., 33 Minn. 136; Kobe v. N. P. R. R. Co., 36 Minn. 518; Swearingen v. M., K. & T. R. R. Co., 64 Mo. 73; Wilmot v. O. R. & N. Co. (Ore.), 87 Pac. 528, 7 L. R. A. (N. S.) 202, and note.

The primary purpose of the statute evidently is the protection of stock running at large upon the open range over which the lines of railroads pass, and where stock is liable

to go upon the track and be killed or injured by trains passing over the road, and where it would be difficult, if not impossible, for the owner of such stock to prove negligence in the operation of such trains. As stated by Wright, J., in the Davis case, 26 Ia., *supra,* "The Legislature had in mind, beyond question, these lines as they were constructed over our prairies, knowing that cattle were free commoners, and to protect stock running at large so generally in the agricultural districts of the State. * * * The thought, however, was the fencing of the track or road, and not the depot grounds. The language is, 'its road,' and we do not believe that this includes depot grounds." It must also be remembered that our statute was not enacted until 1907, long after similar statutes had been in force in other states and had been construed by the courts of last resort in those states. It would, we think, be a reflection upon the intelligence of the Legislature to presume that it was ignorant of the judicial construction placed upon such statutes in other States, where such construction has been so nearly uniform. Had a different construction been intended, it would, no doubt, have been expressed in the act.

We are of the opinion that the statute was not intended to require the fencing of station grounds outside of incorporated cities and towns, where public convenience requires the same to remain open. There was no error in overruling the demurrer, and the judgment of the District Court is affirmed.                                      *Affirmed.*

POTTER, C. J., and SCOTT, J., concur.