Cole, Ch. J.
The plaintiff in his petition averred the value of the animal hilled to be $50, and his affidavit of the hilling accompanying the notice of it, served upon the defendant’s tichet agent thirty days before bringing the action, as a basis for a claim for double damages under the statute, also stated the value of the animal at $50. The jury found a verdict for plaintiff for $100; and also found specially that the animal was not hilled on the defendant’s depot grounds. This latter finding is clearly against the evidence and must be .set-aside. It is in the face of the testimony of plaintiff’s own witnesses.
The defendant ashed the court to instruct the jury that, “if the plaintiff’s bull was injured or hilled upon the depot grounds of defendant at New Hartford, then your verdict should be for the defendant, unless the plaintiff has proved to your satisfaction that the defendant’s employees did not use ordinary care and diligence to prevent the injury.” This was refused. Such refusal was error, as we have heretofore decided. Davis v. The Bur. & Mo. R. R. Co., 26 Iowa, 549; Rogers v. Chicago & N. W. R. R. Co., id. 558; Durand v. C. & N. W. R. R. Co., id. 559. For the same reason the defendant’s second instruction should have been given; and the second one given by the court should have been modified so as to state where defendant had a right to fence, as ruled by the cases cited supra.
Reversed.