## SCHNEIR v. THE C. R. I. & P. R. Co.

Negligence: RAILROADS: INJURY TO STOCK. In an action against a railroad company to recover for injury to stock, the burden of proof is upon the plaintiff to show that the injury occurred by reason of a want of ordinary care upon the part of defendant or its employes. Proof of the injury alone will not entitle him to recover.

*Appeal from Muscatine Circuit Court.*

WEDNESDAY, APRIL 21.

THIS is an action to recover for a horse alleged to have been killed by the cars on the railroad of defendant. There was a jury trial, verdict and judgment for plaintiff. Defendant appeals. The further facts appear in the opinion.

*Richman & Carskadden*, for appellant.

*Cloud & Broomhall*, for appellee.

MILLER, CH. J.—In the first count of petition plaintiff states that, at a point in the county where the defendant had a right to fence its road, but had failed to do so, it wrongfully and carelessly ran its locomotive and train upon and killed plaintiff's horse, of the value of one hundred dollars.

In the second count it is alleged that, at the point where the horse was killed, the "defendant had so unlawfully and carelessly constructed its road as to render it unsafe and difficult for stock approaching said railroad to escape; and that it permitted said road to remain in said unsafe condition, whereby the injury was sustained."

On the trial it appeared that the point where the horse was killed was the crossing of a public highway. It was not a place where the defendant had a right to fence, and had failed to do so. The case, therefore, does not fall within the provisions of the sixth section of chapter 169 of the laws of 1862. *Packard v. The Ill. Cen. R. Co.*, 30 Iowa, 474. But, if the defendant is liable at all, it must be because the plaintiff's horse was killed by reason of the negligence of the defendant in constructing the highway crossing or in running its cars. *Soward v. The C. & N. W. R. Co.*, Id., 551. The court instructed the jury, in substance, that the burden of proof was on the plaintiff to show that the injury was caused by the want of ordinary care on the part of the defendant, and that proof of the injury alone was not sufficient to entitle plaintiff to recover. There is no evidence tending in any degree to show that there was any negligence or want of ordinary care in running the train that struck and killed the plaintiff's horse. It is shown by the evidence that the bell was rung as the train approached the crossing; that the railroad passes through a long cut, at the north end of which is the crossing where the horse was struck; that the engineer did not see the horse until he jumped upon the track just ahead of the engine as it came to the crossing, and that there was not time to either stop the train or give signals. The evidence clearly shows that the collision was unavoidable by the use of any ordinary and reasonable care on the part of the servants of the defendant.

The evidence further shows that the public highway approaches the railroad track at a right angle from the east, then passes south along and close to the railroad for about eight or ten rods, then crosses the railroad track, thence north along the railroad for a like distance, thence west. There is some conflict in the evidence as to whether the approaches to the crossing of the railroad track in the highway were in good condition or not, but there is an entire absence of evidence tending to show that the injury to the horse resulted from anything connected with these approaches, or from the construction of the crossing in any respect. So that, if it were conceded that there was a want of ordinary and reasonable care, either in the construction of the crossing or in its proper maintenance, there is no evidence whatever to show that the injury to the plaintiff's horse was caused by such want of care. In a word, there is absolutely no evidence to show, or to justify a jury in inferring, that the defects in the crossing, if there were any, contributed in any degree in producing the injury.

This being the condition of the evidence, the verdict is not sustained thereby, and is against the instructions, and should have been set aside by the court below. See *Plaster v. The Ill. Cen. R. Co.*, 35 Iowa, 449; *Flattes v. The Chi., R. I. & P. R. Co.*, Id., 191; *Cleveland v. C. & N. W. R. Co.*, Id., 220.

The judgment must be                                        Reversed.