McKissock v. The St. Louis, Kansas City & Northern Railway Company, *Appellant.*

**Railroad**: NEGLIGENCE.   Where evidence on the part of the plaintiff in a common law action against a railroad company for negligently killing plaintiff's bull, was very slight—barely sufficient to justify the court in submitting the case to the jury, and the court, at the request of the plaintiff, had instructed the jury that negligence need not be proved by positive and direct evidence, but that it would be sufficient, if the jury were satisfied of its existence from all the facts and circumstances of the case; *Held*, that it was error to refuse the defendant an instruction to the effect that negligence on its part could not be inferred from the mere fact that the train struck and killed the animal.

*Appeal from Ray Circuit Court.*—Hon. George W. Dunn, Judge.

Reversed.

*Chas. A. Winslow* for appellant, cited *Maher v. R. R. Co.*, 64 Mo. 267; *Pryor v. R. R. Co.*, 69 Mo. 215; *Brown v. R. R. Co.*, 33 Mo. 309; *Ward v. Andrews*, 3 Mo. App. 275.

*John Mason* for respondent.

Norton, J.—This is a suit to recover damages for the alleged killing of plaintiff's bull by defendant in operating its train; upon a trial of which plaintiff had judgment for $40, from which defendant has appealed.   It appears from the bill of exceptions that plaintiff's attorney admitted that the cause of action "was neither founded upon the 38th section of the corporation act, nor the 43rd section of the double damage act, nor the 5th section of the damage act, but was a suit at common law."   The only question, therefore, in the case is one of actual negligence, which the complaint alleges consisted in "not stopping the speed of the train or sounding the alarm whistle."   The animal was killed on a dark night by defendant's train at or near a public crossing near the town of Orrick, the train being

badly wrecked by the collision. There was evidence tend-
ing to show that the train was running from ten to twenty-
five miles an hour, and it also tended strongly to show that
the animal was first discovered on the track at the distance
of sixty feet from the engine, and that after its discovery
everything was done that could be done to prevent the col-
lision, and that it was unavoidable. On this state of facts
the court, of its own motion, instructed the jury, in sub-
stance, that if defendant's servants, in operating the train,
failed to use the care and prudence that careful and prudent
men would use under such circumstances, by reason of
which the animal was killed, they would find for plaintiff;
that negligence need not be proved by positive and direct
evidence, but that it would be sufficient if the jury were
satisfied of its existence from all the facts and circum-
stances of the case. While the above declarations of law
were unexceptionable, in view of the very slight evidence
tending to show negligence, which was barely sufficient to
justify the court in letting the case go to the jury, and the
further fact that the action was not a statutory action, error
was committed by the court in refusing to instruct the
jury at defendant's request that negligence on the part of
defendant's servants could not be inferred from the mere
fact that the train struck and killed plaintiff's ox, and for
this error the judgment will be reversed and the cause re-
manded, in which all concur.