## Staunton.

## O. A. and M. R. R. Co. v. Miles.

### October 16, 1882.

1. RAILROADS—*Negligence—Case at bar.*—Action against R. R. Co. for four head of stock killed by its trains. First and second counts allege that the animals were killed by the negligence or improper conduct of defendant's agents. Third and fourth counts contain no such allegation. As to the killing of three of the animals, there is no evidence of negligence. But as to the fourth, there is ample. Defendant demurred to plaintiff's evidence.

HELD:

    1. The third and fourth counts are fatally defective, and are not cured by the verdict under the statute of *jeofails.*

    2. That statute is intended to cure defective statement of cause of action, but not a statement which makes no case.

    3. There being no evidence of defendant's negligence in killing the jack, the bull and the cow, there can be no recovery therefor; but as to the horse, it is otherwise.

2. IDEM—*Idem.*—In such cases the proper inquiry is—"Did the company's agents use reasonable care in running their trains to avoid injury to plaintiff's property?" Unless the injury is alleged and proven to have been caused by their negligence, or misconduct, the action cannot be maintained.

3. IDEM—*Demurrer to evidence.*—By defendant company's demurrer, it must be held to admit all plaintiff's evidence and all inferences justly deducible therefrom; and to waive all its own evidence conflicting with plaintiff's, and all inferences deducible from its own evidence (though not in conflict with plaintiff's), which do not *necessarily* result therefrom.

Error to judgment of circuit court of Nelson county, in action of trespass on the case by William Porcher Miles against the Orange, Alexandria and Manassas Railroad Company for killing, by means of its trains, a jackass, a bull, a cow, and a horse.

There is no evidence adduced of the negligence or misconduct of the defendant's agents in killing the jack, the bull or the cow. But as to the killing of the horse, the evidence was that where the horse was struck, the track is straight for a mile or more; the grade south is up pretty heavy; by measurement the animals were apparently 420 yards before the train, which appeared to have dragged the horse up the grade going south.

Verdict for plaintiff—$1,000 for jack, $120 for bull and cow, and $140 for horse—subject to demurrer to evidence; upon which the circuit court gave judgment for plaintiff, and the company obtained a writ of error from one of the judges of this court.

*Robert A. Cogbill,* for the appellant.

*William M. Cabell,* for the appellee.

LEWIS, J., delivered the opinion of the court.

This is an action of trespass on the case, brought in the circuit court of Nelson county by the defendant in error against the plaintiff in error, a railroad corporation, to recover damages for the killing, at various times, of certain stock belonging to the former by the trains of the latter.

The declaration, as amended, contains four counts. In the first and second it is alleged that the animals were killed on the tract of the defendant by reason of the careless and improper management of the trains on the part of its agents. In the third and fourth there is no allegation that the killing was occasioned by the carelessness or improper conduct of the defendant's agents. It is simply alleged that the animals were killed by being run over by the trains of the defendant.

The first and third counts relate to the killing of a jack-ass; the second and fourth to the killing of a bull, a cow, and a horse.

Upon the trial the defendant demurred to the evidence. And thereupon the jury rendered a verdict for the plaintiff, subject to the opinion of the court upon the demurrer, and assessed his damages as follows: "For the loss of the jack, $1,000; for the loss of the bull and cow, $120; and for the loss of the horse, $140." The court being of the opinion that the law was for the plaintiff upon the second and third counts of the declaration, pronounced judgment in his favor for the sum of $1,260, the aggregate amount of the damages assessed by the jury, with interest and costs. Thereupon the defendant applied for, and was awarded, a writ of error by one of the judges of this court.

In a case such as this, the proper inquiry always is, whether the agents of the company exercised reasonable and proper care in running their trains to avoid injury to the property of the plaintiff; and unless the injury is alleged and proven to have been caused by their negligence or misconduct, the action cannot be sustained.

It is obvious, therefore, that the third and fourth counts in the declaration in this case set forth no cause of action whatever; they are fatally defective, and are not cured by the statute of *jeofails*. The object and effect of that statute is to cure a defective statement of a cause of action, but not a statement which makes no case at all.

On the other hand, it is equally plain that the first and second counts are unobjectionable. And the question now to be determined is, Does the evidence establish the plaintiff's case as alleged in both or either of those counts?

By its demurrer to the evidence, the defendant must be considered as admitting the truth of the plaintiff's evidence and all just inferences which can be properly drawn therefrom by a jury, and as waiving all its own evidence

which conflicts with that of the plaintiff, and all inferences from its own evidence (although not in conflict with the evidence of the plaintiff), which do not *necessarily* result therefrom. 4 Minor's Inst. 148–9. Applying, to its fullest extent, this well settled rule to the evidence in this case, as it is copied into the demurrer, it yet wholly fails to establish the plaintiff's case, so far as the killing of the jack, the bull and the cow is concerned. There is no evidence to show, and no attempt seems to have been made to show, that either was killed by reason of the carelessness or misconduct of the company's agents, or that the killing could have been avoided by the exercise of reasonable and proper care on their part in the management of the trains. To this extent, therefore, the judgment of the court below is plainly erroneous. But, with respect to the horse, the case is different. In that respect the evidence, we think, sustains the case of the plaintiff. It was proven by one of the witnesses, that where the horse was struck the track is straight for a mile or more. The same witness also testifies: "The grade south is up pretty heavy. I measured the distance. The animals were apparently before the train. It was 420 yards. The train seemed to have dragged the horse up the grade going south." Here there was a want of the reasonable care in the management of the train, which, in such cases, the law requires; and, consequently, the company is liable for the value of the horse, as ascertained by the verdict of the jury. But the court below pronounced judgment for the plaintiff for the full amount of damages assessed by the jury in their verdict. This was erroneous; and, for this error, the judgment must be reversed.

REVERSED IN PART AND AFFIRMED AS TO THE RESIDUE.