### Lawrence Leslie v. Wabash Railroad Company.
#### Gen. No. 4,424.

1. CATTLE—*duty of railroad company to avoid injuring, when wrongfully upon right of way.* The only duty which a railroad company owes to the owner of cattle wrongfully upon its right of way, is to use all reasonable care to avoid injuring the same after they are discovered upon the track.

Action commenced before justice of the peace. Appeal from the Circuit Court of Will County; the Hon. CHARLES B. GARNSEY, Judge, presiding. Heard in this court at the October term, 1904. Reversed and remanded. Opinion filed March 8, 1905.

FRANCIS M. FAHEY, for appellant.

C. N. TRAVOUS and J. L. O'DONNELL, for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.

This action was begun by appellant against the Wabash Railroad Company before a justice of the peace to recover damages for the wrongful killing of two head of cattle and injuring two others. At the conclusion of all the evidence the Circuit Court directed a verdict for the appellee and this ruling presents the only question that need be considered.

The evidence shows that the cattle got upon appellee's right of way through a slide gate which formed part of the right of way fence. The gate in question had not been used for a number of years. The right of way was properly fenced and the gate in question was in good repair and sufficiently high and strong to prevent cattle from going through it while closed. How the gate was opened is not shown, but it is very probable it was opened by the cattle rubbing against it. The train that struck the cattle was a light passenger train running at about the rate of sixty-five miles an hour. It is shown that the track of appellee's road for about one-half mile above where the cattle were struck is straight and free from obstruction; still further up the track is a curve. The engineer saw the cattle when he came on the straight track but says he mistook them for section hands; he blew his whistle and when within about eighty rods he discovered that what he had seen were cattle. He testifies that he immediately shut off steam, applied his air brakes and did all in his power to stop his train, but that he was unable to do so, within the distance he had to run. The only duty appellee owed appellant was to use all reasonable care to avoid injuring the cattle after they were discovered on the track. Wabash R. R. Co. v. Jones, 168 Ill. 167; Illinois Central R.

R. Co. v. Noble, 142 Ill. 578. Clearly the animals were wrongfully upon appellee's railroad right of way and the rule announced in the above cases and many others that might be cited both in this and the Supreme Court is that a railroad company which has complied with the statute in building and maintaining a suitable fence along the right of way is not required to keep a lookout in anticipation that trespassing animals may be on the track, or to govern the speed of the trains with reference to this possibility. Appellee's duty, and only duty, was to use ordinary care to avoid injury after the animals were known to be on the track. Whether the engineer used the required care after he discovered the animals on the track is a question of fact. Taking the engineer's own version of the transactions it may be fairly said that he employed all the means that any reasonable and prudent man would under the same circumstances. There is other evidence in the record, however, from which, if believed by the jury, a different inference may be drawn. John W. Leslie, James Delaney, John Smith and Thomas Leslie testified that they were so located in the fields near by that they had a view of the accident. Their attention was drawn by the sharp, rapid blasts of the whistle and they looked and saw the train and the cattle. They testify that the train was slowing up as it approached the cattle until just before it struck them; then, three of the witnesses say, there was a sudden increase in the speed. One of them says that it went faster when it struck them than before. Another says, " he opened her up before he struck the cattle." Another says, " he just put on all the steam he had, I guess, and went right through them." The other witness says, " the speed changed just before the cattle were struck," but does not say whether it became faster or slower. This evidence, if true, tends to make a case of negligence against appellee, and its presence in the record required the case to be submitted to the jury and the giving of a peremptory instruction to find for appellee was error. Chicago & N. W. R. R. Co. v. Dunleavy, 129 Ill. 132; Union Bridge Co.

v. Teehan, 190 Id. 374; Central Railway Co. v. Knowles, 191 Id. 241; Martin v. Chicago & N. W. R. R. Co., 194 Id. 138; Ill. Steel Co. v. McFadden, 196 Id. 344; Hartrich v. Hawes, 202 Id. I334; The Missouri Malleable Iron Works v. Dillon, 206 Id. 145.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*