## MARTIN v. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY.

APPEALS FROM JUSTICE COURTS — FILING PETITION IN APPELLATE COURT—EFFECT UPON DEFECTIVE APPEAL—RAILROADS—FENCES—KILLING LIVE STOCK—LIABILITY—NEGLIGENCE.

1. Error, if any, of the District Court in denying plaintiff's motion to dismiss defendant's appeal from justice court is immaterial, where, after the denial of such motion, the plaintiff files a petition in the District Court as upon the commencement of a new case, thereby invoking the original jurisdiction of that court, and the case is heard upon such petition.

2. In the absence of a statute requiring it, the failure of a rail-
road company to fence its right of way is not negligence
*per se* so as to render it liable on the ground alone of such
failure for the killing of live stock straying upon its tracks.

3. In the absence of negligence a railroad company is not liable
for the killing by its engine of an animal straying upon its
tracks, where there is no duty imposed upon the company
by statute or contract to fence its right of way.

4. Where, without any obligation by statute or contract to do so,
a railroad company fences its right of way, its failure with
knowledge to keep the fence in repair will not render it
liable in the absence of negligence in the operation of its
engine for the killing thereby of animals straying upon its
right of way and tracks.

[Decided May 7, 1907.]                    (89 Pac., 1025.)

ERROR to the District Court, Crook County, HON. CAR-
ROLL H. PARMELEE, Judge.

The material facts are stated in the opinion.

*Robert P. Parker,* for plaintiff in error, argued and con-
tended that the failure of the railroad company to keep its
right of way fence in repair, knowing its bad condition,
and that animals were liable to get upon the right of way
through the defective fence and be killed, constituted neg-
ligence, rendering it liable for the damages sued for, citing,
Big Goose & B. D. Co. v. Morrow, 8 Wyo., 537; Ry. Co. v.
Ives, 12 Sup. Ct. Rep., 679; Ry. Co. v. Kuhn, 6 S. W., 441;
Ry. Co. v. Perkins (Ill.), 17 N. E., 1; Thompson v. Ry.
Co. (N. Y.), 17 N. E., 690; Ballinger v. St. Paul, 31 N.
W., 857; Shafer v. R. R., 9 N. W., 575; Kelly v. R. R.,
11 N. W., 67; Hayes v. R. R., 4 Sup. Ct. Rep., 369;
Kerwhacker v. R. R., 3 O. St., 173. Further, that it was
the company's duty to maintain its fence as a partition fence
between its right of way and plaintiff's land, after having
constructed the fence, whether erected by statutory require-
ment or not; and to maintain the fence for the purpose for
which it was erected, citing, Miller v. R. R., 84 N. W., 30;
R. R. v. Burgan, 37 Pac., 31; R. R. v. Quertin, 4 N. E.,

507; Ry. Co. v. Redmond, 70 Ill. App., 119; Ry. Co. v. Robinson, 40 Pac., 841; Hathaway v. Ry. Co., 83 N. W., 598; Ry. Co. v. Shaft, 6 Pac., 908; 16 Cyc., 680, 721, 749, 785.

*M. Nichols* and *N. K. Griggs,* for defendant in error.

Plaintiff's petition was properly held insufficient because: 1. It should have alleged, by specific allegation, the corporate existence of defendant. 2. It should have alleged the giving of the notice, as required by Sec. 3215, Revised Statutes of 1899. 3. It should have alleged negligence, as to the injuring of the stock, other than the condition of the fence; this it failed to do.

In the absence of a statute, requiring a railroad company to fence its right of way, no duty rests upon it to so do. (Rorer on Railroads, 614, 1379-1381; Redfield on Railroads, 491, 525-7; 7 A. & E. Ency. L., 906, 912; Locke v. R. R. Co., 15 Minn., 350; Stucke v. Ry. Co., 9 Wis., 202; Lawrence v. Ry. Co., 42 Wis., 328.) And that defendant did, in fact, so fence, added nothing to its liability, it still devolving upon plaintiff, in order to recover, to charge and prove his stock to have been injured through negligence of defendant, wholly aside from all questions as to the character of such fence. (Carey v. Ry. Co., 100 N. W., 19.)

Scott, Justice.

The plaintiff in error brought this action in a justice of the peace court of Crook county against the defendant in error to recover damages for the killing of a bull upon its tracks. Judgment was recovered in justice court, whereupon an appeal was taken by the defendant to the district court. The plaintiff filed an original petition in that court which was demurred to, and upon hearing, the demurrer was sustained. The plaintiff electing to stand upon his petition judgment was entered for the defendant. The plaintiff brings the case here on error.

1. The plaintiff in error assigns as error the denial of his motion to dismiss the appeal. The appearance was special

for the purpose of making such motion. We need not, however, discuss the question further than to say that if there was any merit in his motion the error in denying it becomes immaterial because the plaintiff thereafter filed a petition as upon the commencement of a new case, thereby invoking the original jurisdiction of the court. (Reedy v. Gift, 2 Kan., 392; 24 Cyc., tit. "As waiver of objections to proceedings for appeal," 694, also p. 723, and cases cited; 12 Ency. P. & P., 816, and cases there cited.)

2. It is alleged in the petition that defendant is and has been a corporation and for many years the owner of and engaged in operating its line of road in and through Crook County, Wyoming, and that plaintiff is and for many years has been the owner of a large tract of land on either side of said road in said county, and of a large number of cattle which ranged and pastured upon said land. That in the operation of said road the defendant caused to be propelled over its tracks both night and day a large number of trains, both passenger and freight, and often at the rate of 30 to 50 miles per hour. That in 1893 the defendant constructed a good and sufficient fence along its right of way over and through plaintiff's land and that he relied upon defendant keeping said fence in repair. That for several weeks prior to the time the bull was killed defendant had negligently permitted the fence to get out of repair, so that it was not sufficient to prevent said bull or live stock from straying upon its right of way and being killed, all of which was known to defendant. That in consequence of such negligence plaintiff's bull on or about August 18, 1905, strayed on to defendant's track and was killed by being run against by defendant's engine and was so killed by reason of defendant's negligence in failing to keep its fence in sufficient repair to prevent stock from entering the right of way. The foregoing sets out all of the allegations of negligence upon which plaintiff predicates his right to recover.

There was no law in this state at the time of the injury complained of requiring railroads to fence their right of

way. Such a law has since been enacted. (Chap. 84, S.
L. 1907.) Cattle and certain kinds of live stock have always
been permitted to run at large. We have now and had then
a statute which defines a lawful fence. (Sec. 1973, R. S.
1899.) This section has reference to what is termed a
"lawful enclosure." It is provided that unless the fence
comes up to the requirements there prescribed it is not a
lawful fence, and anyone may have a right of action for
damages resulting from injury to his live stock from such
illegal fence. The injury for which plaintiff sought dam-
ages was not the result of the animal coming in contact
with, nor was the animal killed at, the fence. The statutory
or common law right to recover damages for injuries to live
stock coming in contact with improperly constructed or
negligently maintained fences is not, therefore, involved in
this case. Nor, in the absence of statute, was the defendant
required to fence its right of way in order to avoid liability
solely on the ground of the non-existence of such fence.
Its liability must be determined upon the principles of the
common law. (16 A. & E. Ency. Law, 498, and cases there
cited.) By those principles the right of action rested in the
negligence of the defendant, and such negligence is never
presumed; it must be alleged and proved. (17 Ency. P.
& P., 565, and cases cited.) The fact that the animal was
killed by the defendant's engine is not sufficient unless
coupled with allegations showing that it was the result of
negligence in operating the engine or train on the part of
the defendant and its employees. (Schenck v. U. P. Ry.
Co., and Clark et al., Receivers, 5 Wyo., 430.) No allega-
tions of that kind appear in the petition, nor does it appear
that the rate of speed at which the train was running at the
time the animal was killed was unusual, reckless or danger-
ous. The allegation is that the fence was in bad shape;
that defendant, though having knowledge thereof, had failed
to repair it, and that by reason thereof the animal strayed
through the fence on the track and was killed. The pleader
has designated as the proximate cause of the killing the

failure to keep the fence in repair, but no contractual duty either to build or keep it in repair so as to obstruct ingress to its right of way is alleged nor was such duty imposed by statute—nor was the failure to keep the fence in repair in the absence of such a statute negligence *per se.* The rule is stated in C. C. & C. R. R. Co. v. Elliott, 4 O. St., 474, where it is said: "The bare fact that a railroad is unenclosed, there being no statute requiring it to be fenced, does not, in general, render the railroad company liable to pay for animals straying upon the track and killed by a train—such want of fencing being, in general, only a remote cause of the loss."

In Crary v. C. M. & St. P. Ry. Co. (So. Dak.), 100 N. W. Rep., 18, it was held upon the facts that the defendant was under no obligation to construct a fence along its right of way at the place where the animal was killed. It is there said: "Whether, therefore, the fence was sufficient or insufficient to restrain the plaintiff's stock is not material in this case, for, if the railroad company was not required by law to fence its right of way, it was not bound to construct or maintain any such fence, and the fact that it did construct a fence does not estop it from showing that the law did not require the same, and that the plaintiff as lessee had no right to assume that the company would maintain the fence in good repair."

In Stevenson v. Railway Co., 35 La. Ann., 498, the plaintiff sued for the value of six mules alleged to have been killed by the defendant's train through the carelessness and negligence of its employees. The court said: "Plaintiff contends that the proof of the destruction of his property by the trains of the company throws upon the defendant the burden of proving justification or want of negligence. But he has signally failed to refer us to any authority either of law or jurisprudence, in support of this proposition * * *. Hence we recognize the rule that in such suits for damages the plaintiff must make his case certain, and that the burden is upon him to prove that the alleged injury to his property

was the result of negligence or carelessness of the defendant or its employees." In O. A. & M. R. R. Co. v. Miles, 76 Va., 773, the court said: "It is simply alleged that the animals were killed by being run over by the trains of the defendant. * * * In a case such as this the proper inquiry always is, whether the agents of the company exercised reasonable and proper care in running their trains to avoid injury to the property of the plaintiff. And unless the injury is alleged and proven to have been caused by their negligence or misconduct, the action cannot be sustained." The Supreme Court of Florida said in S. F. & W. Ry. Co. v. Geiger, 21 Fla., 669 (58 Am. Rep., 697), after an exhaustive review of the question: "Independent of any legislation on the subject, we do not think that proof of the mere killing, independent of locality, or some other circumstance which shows that it would not have resulted if reasonable care had been taken, or some omission of duty, as a failure to blow the whistle for the purpose of scaring the cattle off, is *prima facie* evidence of negligence upon the part of the company." The following cases are there cited in support of that statement, viz.: B. & M. R. R. v. Wendt, 12 Neb., 76; Schiner v. R. R. Co., 40 Ia., 337; Bethje v. R. R. Co., 26 Tex., 604; Walsh v. R. R. Co., 8 Nev., 110; R. R. Co. v. Means, 14 Ind., 30; McKissock v. R. R. Co., 73 Mo., 456; R. R. Co. v. McMillan (Ohio), 7 A. & E. R. Cases, 588.

It may be conceded, and this court has held, that cattle upon the open range which stray upon and depasture the unenclosed land of a person other than their owner are not trespassers to the extent that an action would lie in favor of the owner of the land. So it may be said that injury to the right of way of a railroad by cattle under like conditions would not be actionable trespass. It does not, however, follow that because no action is given under such circumstances that the cattle are so lawfully upon the right of way as to make the railroad company an insurer of their safety. The plaintiff is presumed to have known that in the ab-

sence of a fence the cattle would be liable to stray upon the right of way and be killed; he was equally chargeable with notice that there was no obligation, so far as the damage here complained of is concerned, to keep the fence in repair, and that it was liable to become defective and insufficient to turn his stock. Charged with such knowledge he took all risk, in permitting his cattle to run at large, of injury to or destruction of them by mere accident, but no risk of such injury or destruction by defendant's' negligence. (Kerwhacker v. C. C. & C. R. R. Co., 3 O. St., 172.) It should be borne in mind that the rules governing liability for injuries at railroad crossings are predicated on different premises. By the establishment of such crossings an invitation is extended to the public to use them, and it becomes the duty of the railroad company and its agents and employees to look out for and avoid injuring those who are using the crossing. In such cases, however, the overwhelming weight of authority is that mere allegations of time, place and injury are not sufficient, but in addition thereto allegations of negligence constituting the proximate cause of the injury are necessary. (5 Ency. P. & P., 690, 691.) In the case before us the failure to keep the fence in repair was not negligence, there being no statute making it the duty of the defndant to do so, and the petition fails to allege negligence in operating and handling the train or engine by which the animal was killed. The petition is fatally defective and the demurrer was properly sustained.

The judgment is affirmed.                    *Affirmed.*

POTTER, C. J., and BEARD, J., concur.