## CHICAGO, BURLINGTON AND QUINCY RAILROAD CO. v. CASH.

(No. 800; Decided May 25th, 1916; 157 Pac. 701.)

RAILROADS—STOCK TRESPASSING WITHIN CITY LIMITS—FENCES—RULE OF ORDINARY CARE—NEGLIGENCE—RIGHT OF WAY FENCE—PRESUMPTION—PREPONDERANCE OF EVIDENCE REQUIRED TO SHOW NEGLIGENCE—LOOKOUT FOR TRESPASSING CATTLE NOT REQUIRED—STATUTES—INSTRUCTIONS.

1. Cattle entering upon a railroad right of way within the boundaries of an incorporated city or town, where the statute

(Comp. Stats. 1910, Section 2593) does not require a fencing of a railroad right of way, are trespassers, but not to the extent that an action will lie in favor of the railroad company.

2. The owner of cattle is presumed to know that a railroad is not required to fence its right of way within the boundaries of an incorporated city or town and therefore takes all risk of their injury or destruction by mere accident in permitting them to run at large and wander upon such right of way. He cannot recover damages for their injury or destruction, unless it be shown by a preponderance of evidence, that such injury or destruction was due to negligence of the railroad company, and in such case railroads are held only to ordinary care and operation after discovery of cattle on the track.

3. In view of Comp. Stats. 1910, Sections 2593-2594, relating to the fencing of railroad rights of way and to liability for damages for killing stock, an engineer and trainmen are not required to keep a lookout for trespassing cattle.

4. While trainmen are held to ordinary care to avoid killing stock, their duty does not arise with reference to trespassing live stock until its perilous condition is discovered in the operation of an engine or train, and then the duty arises to avoid unnecessary injury to such live stock.

Error to the District Court, Weston County; Hon. C. H. Parmelee, Judge.

Action by W. H. Cash against the Chicago, Burlington and Quincy Railroad Co. to recover damages for cattle injured upon defendant's right of way.

The facts are stated in the opinion.

*David A. Fakler* and *Alfred H. Beach*, for plaintiff in error.

A railroad company is not required to construct a right of way fence within the boundaries of an incorporated town (Comp. Stats. 1910, Section 2593) ; and there is no liability for stock killed or injured on public road crossings unless negligence can be shown. (Comp. Stats. 1910, Section 2594.) When animals are seen on a railroad track ahead of a train, it is unnecessary to guard against every possible contingency which might result in injury to them,

but only such as are to be reasonably apprehended.  (33 Cyc. Title Railroads 1223; Chicago Ry. Co. v. Brandfield, 63 Ill. 220; Judd v. Wabash &c. R. Co., 23 Mo. App. 56; Watson v. Philadelphia &c. R. Co., 2 Walk. (Pa.) 456.) When specific acts of negligence are alleged the right of recovery is confined to the issues tendered.  (Chicago &c. R. Co. v. Wheeler, 70 Kan. 755, 79 Pac. 673.)  The evidence shows an exercise of reasonable care by sounding the whistle, ringing the engine bell and slowing down.  Under the circumstances the company would be liable only for gross negligence.  (33 Cyc. 1164.)  In view of ordinances of the town prohibiting stock from running at large, the company had a right to presume that such animals would not be upon the track.  (33 Cyc. 1165.)  Under the circumstances the cattle were trespassers. (33 Cyc. 1166.)  Instructions on the question of negligence were erroneous.  (33 Cyc. 1216.) The court erred in refusing to give defendant's requested instruction No. VIII.  (Graybell v. C. M. & St. P. R. Co., 112 Ia. 738, 84 N. W. 946-948;  Miller v. C. B. & Q. R. R. Co., 18 Wyo. 215.)  The cattle were trespassers within the law and the railroad is not an insurer of their safety when the owner is presumed to know that the railroad is not compelled to fence its tracks within incorporated towns.  (Martin v. C. B. & Q. R. R. Co., 15 Wyo. 494 (489).  The owners of cattle who permit their animals to roam upon railroad tracks at points where fences cannot be maintained cannot recover for injuries to such cattle unless an actual or constructive intent to commit the injury is shown. (Hanna v. Terre Haute Ry. Co., 21 N. E. 903.)  The evidence shows that due care was exercised by the employees of the company to prevent the accident.

*No appearance by defendant in error.*

Scott, Justice.

This case is here upon plaintiff in error's brief, the defendant in error being in default for an answer brief.  The action was to recover damages for alleged negligence in

killing two cows of the defendant in error on plaintiff in error's right of way and within the corporate limits of the town of Newcastle in this state on August 8th or 10th, 1913. It is assigned as error that the verdict of the jury is (1) contrary to the evidence, and (2) contrary to law. The evidence is conflicting and tends to show that the cattle together with others were permitted to run at large and were encountered by east bound passenger train No. 44 as it was approaching the depot at the time indicated on the right of way at the east end of a bridge crossing Oil creek in the edge of Newcastle; that the engineer upon discovery of the cattle when about 75 or 100 feet from them sounded the stock alarm and the cattle spread, some going down the embankment on either side of the track; that the train was slowed down from a rate of twenty miles per hour to eight miles per hour, the while sounding its stock alarm; that the cattle were seen by the engineer 300 or 400 feet from where they were struck and he set his brakes and slowed down until he got very close to the cattle, when all left the track, one of which went to the left, and the engineer released the brakes. The stock alarm signal was given and the bell rung. There were thirteen cars in the train. The cows entered upon that part of the right of way not required to be fenced and were struck within the yard limits of Newcastle station and within the city limits of the city of Newcastle. After striking the cattle the train was stopped within a distance of about 100 feet. In support of these assignments it is argued that our law does not provide for or require a railroad to fence or maintain a fence on its right of way within any incorporated city or town. (Comp. Stats. 1910, Sec. 2593.) It is further provided by Section 2594 id. that no corporation operating a railroad shall be liable for any damage occasioned by the wilful act of the owner or of his agent or employees for stock killed or injured on public road crossings, unless negligence on the part of such corporation, its agents, servants or employees can be shown; and that there is no law in this state requir-

ing the agents, servants and employees of a railroad company to give any signal or warning by whistling, ringing, or opening valves for steam to escape.

The specific act of negligence here alleged is that the agents and servants of the company "neglected to slow down or do anything whatsoever to frighten said cows from said track and carelessly and negligently run one of said defendant's locomotives and cars thereto attached against and over said cows of the said plaintiff." The evidence shows the cattle to have been trespassers on the company's right of way and at a place where it was not required to fence at the time of the accident. The cattle were not driven but strayed and were picked up there after the injury. Notice to trespassing animals as these cattle must be considered is not usually required although if the opportunity presents itself it usually carries notice to the party injuring of the condition of the party that may be injured and it then becomes the duty to use ordinary care to avoid such injury. Here there is no evidence that the cattle would have been saved by ringing the bell or sounding the whistle and slowing down the engine, and evidence tending to show that all of which was done by the railroad's agents, servants and employees, nor is there any evidence that the engineer and employees knew or had any reason to expect that the cattle were in any especial danger, or that they would become or were trespassers. In such a case the plaintiff in error would be held to ordinary prudence or care in running its engine and cars after discovery of the cattle on the track.

In this connection we call attention to proffered instruction numbered M which was requested by plaintiff in error and rejected by the court and which was as follows, viz: "You are instructed that while the law is that cattle upon the open range which stray upon and depasture the uninclosed lands of a person other than their owner are not trespassers to the extent that an action would lie in favor of the owners of the land and that injury to the right of way of a railroad company by cattle under like conditions would

not be actionable trespass.  It does not, however, follow that because no action is given under such circumstances that the cattle are so lawfully upon the right of way as to make the railroad company an insurer of their safety.  The plaintiff is presumed to have known that the railroad company is not required to fence its right of way at the point where the cattle entered upon the tracks and were killed, and that charged with such knowledge he took all risk in permitting his cattle to run at large of injury to or destruction of them by mere accident and he cannot recover in this action unless he has proven by a preponderance of evidence that the injury or destruction of his cattle was by defendant's negligence."  We think this proffered instruction correctly stated the law and should have been given in connection with the evidence and other proper instructions in the case.  It appears to have been based upon Martin v. C. B. & Q. R. R. Co., 15 Wyo. 493, 499 and 500, 89 Pac. 1025, and as such states the law in the main and inasmuch as the evidence tends to show that the cattle were trespassers the jury should have been instructed on that phase of the case.  As said in the Martin case, "It may be conceded, and this court has held, that cattle upon the open range which stray upon and depasture the unenclosed land of a person other than their owner are not trespassers to the extent that an action would lie in favor of the owner of the land.  So it may be said that injury to the right of way of a railroad by cattle under like conditions would not be actionable trespass.  It does not, however, follow that because no action is given under such circumstances that the cattle are so lawfully upon the right of way as to make the railroad company an insurer of their safety.  The plaintiff is presumed to have known that in the absence of a fence the cattle would be liable to stray upon the right of way and be killed; he was equally chargeable with notice that there was no obligation, so far as the damage here complained of is concerned, to keep the fence in repair, and that it was liable to become defective and insufficient to turn his stock.  Charged with

such knowledge he took all risk, in permitting his cattle to run at large, of injury to or destruction of them by mere accident, but no risk of such injury or destruction by defendant's negligence. * * * It should be borne in mind that the rules governing liability for injuries at railroad crossings are predicated on different premises." In the case here the proximate cause of the injury was the failure, if any, of the train crew to avoid inflicting any injury upon the cattle after discovery of their peril.

In Hooper v. C. St. P. M. & O. Ry. Co., 37 Minn. 52, 33 N. W. 314, a case where, as here, the cattle strayed upon the track of the alleged offending company and the supreme court said: "If, then, the statute in respect to fencing is inapplicable to the case, and it is sought to charge the defendant on the ground of the negligent management of the train, or for its failure to stop the engine sooner, the case must be determined upon common-law principles, and, as to trespassing cattle, the defendant would only be liable for actual negligence on the part of the engineer in omitting to give the proper signals, or in failing to use due diligence to prevent the accident after he saw the danger. (Scheffler v. Minn & St. Louis Ry. Co., 32 Minn. 518, 21 N. W. Rep. 711.)" So it is held in Leslie v. Railroad, 118 Ill. App. 606, that the only duty owed by a railroad to the owner of cattle wrongfully upon the right of way, is to use all reasonable care to avoid injuring the same after they are discovered upon the track.

In Illinois Central R. R. Co. v. Noble, 142 Ill. Rep. 578, 584, 587-8, 32 N. E. 684, the Supreme Court of that state say with reference to the use of "reasonable caution" or "care" imputed to a railroad, its agents and employees, that such words must have been understood by the jury as the equivalent of ordinary care. The court proceeds: "The question then is, whether, under the facts which the evidence in the case tends to prove, the defendant's servants were bound to exercise ordinary care and caution to see said horses and discover their presence on the defendant's

right of way.   The evidence undoubtedly tends to prove that the plaintiff's horses, at the time they were killed, were on the defendant's railroad track wholly without right, and were in fact mere trespassers.   Indeed, there seems to be no substantial dispute that such was the case.   The defendant is shown to have performed its entire statutory duty in respect to erecting and maintaining fences on the sides of its road, with gates at the plaintiff's farm crossing, and no negligence on the part of the defendant in those respects is insisted upon.   While it is probable that the horses got on to the railroad through one of said gates, it is not claimed that such gate was left open through the defendant's negligence, and the plaintiff's counsel, as we have seen, expressly disclaimed any right to recover on the ground of any negligence in leaving said gate open.   The defendant having performed its entire legal duty in the matter of fencing its road, was entitled to the enjoyment of its right of way, free from the incursion of the domestic animals of adjoining proprietors, and such animals, in getting through said fence on to the right of way, were wrongfully there, and were trespassers."   The court then expressly disapproves imposing a duty upon the train employees of being on the constant watch for trespassing livestock and that the words "ordinary care" are synonymous with "reasonable care" and indicates the degree of care and caution exacted of servants and operations of a train on the discovery of trespassing livestock on its tracks and avoiding injury thereto.

In Granby v. Railroad Co., 104 Mich. Rep. 403, 408, 62 N. W. 579, 581, the court say:   "No duty is devolved upon a railroad company to exercise any care to discover the presence of animals trespassing upon the right of way, and no duty arises towards them or even toward trespassing persons until the employees in charge of the train discover them upon the track."   It is further held in Mears v. C. & N. W. Ry. Co., 103 Ia. 203, 206, 72 N. W. 509, that no duty arises to a trespasser by a railway until after discovery and

then only reasonable care to avoid inflicting injury is the way the question is there stated. The Supreme Court of Oklahoma states the rule thus: "The only duty the railroad company owes the owner of said hog was to use ordinary care to avoid injurying it after the hog was seen on the right of way." (St. Louis & S. F. R. Co. v. Higgs, 42 Okl. 171, 174, 141 Pac. 10, 12.) The same court say in a similar case that "The engineer owed only the duty to use ordinary care to prevent injury to the cattle after he discovers their peril." (C. R. I. & Pac. Ry. Co. v. Westheimer, 44 Okl. 287, 293, 144 Pac. 356, 359.) The foregoing cases refer to an injury by a railroad to trespassing stock and they seem to be harmonious in the proposition that the duty arises *after a discovery of the peril or danger to such stock.* This phase of the case should have been properly presented to the jury, but instead of that the jury were instructed that they might find for the plaintiff as in an ordinary action for negligence and as though he were not a trespasser. The theory upon which the case was tried in the lower court was presented there by the plaintiff and over defendant's objection the court gave instruction numbered four, as follows, viz.: "Ordinary care requires that a person should act not only in view of the facts of which he has actual knowledge, but in view of facts which he may learn in the exercise of ordinary diligence; ordinary care being that degre of care required by the dangers reasonably to be expected." In so far as this instruction attempts to place the duty to use ordinary care to discover trespassing cattle, it is erroneous, for the presumption is the other way, that is to say, everyone is presumed to be in the right until the contrary is shown. Instruction numbered five is as follows, viz.: "You are instructed that in this case the negligence for which the defendant would be liable is the failure of its engineer or employees operating its engine and train to exercise reasonable care to discover the cows on the track, and to avoid striking them after they have discovered them. Reasonable care is the care which a prudent person would use in like

agencies and under like circumstances.  If you believe from the evidence that the defendant's employees operating its engine were guilty of lack of reasonable care in endeavoring to discover the cows upon its track and to avoid striking them, and by reason of said lack of care, injury was inflicted· upon the cows, and that such injury would not have occurred but for the failure on the part of the defendant's engineer or employees operating its engine to exercise reasonable care to discover the cows upon the track and avoid striking them,· when you should find for the plaintiff."   The difficulty with this instruction is that it makes it the duty of the engineer and train employees to be on the lookout for trespassers, an assumed duty which finds no warrant in the law.   Such reasoning is expressly repudiated in Granby v. Railroad, supra, and Mears v. C. & N. W. Ry. Co., supra, and other cases cited.   It is said in 33 Cyc., at page 1164, that "What is apprehended to be the sounder rule and supported by the weight of authority is that a railroad company is not obliged to exercise even ordinary care as to trespassing animals and will not be liable for injuries to such animals in the absence of gross negligence or wanton or wilful injury, or failure to exercise due care to prevent the injury after the animals are discovered upon the track, but that even a trespassing animal can not be wantonly injured  *  *  *  * and that after an animal, although ·a ·trespasser, ·is discovered upon the track, reasonable care must be exercised to avoid injury." We hold that the employees in operating a train are held to ordinary care and that their duty does not arise with reference to trespassing live stock until the perilous condition of the latter is discovered in the operation of such engine and train, and then the duty arises to avoid unnecessary injury to such live stock.   There are other instructions of similar import which when considered lead to the same result.

For error in the instructions above pointed out the judgment will be reversed.                    *Reversed.*

POTTER, C. J., and BEARD, J., concur.