# Jep Borah, Appellee, v. Southern Railway Company, Appellant.

1. RAILROADS, § 889*—*when instruction on liability of railroad for injury to animal on track is erroneous.* In an action against a railroad company to recover for the death of a cow as the result of being struck while trespassing on a track of the defendant, where an instruction was given that if, by the use of ordinary care and diligence on the part of the servants of a railroad company, animals straying upon its tracks can be saved from injury, then it is the duty of such servants to exercise that degree of care, and a failure so to do if proved, where the injury results without negligence on the part of the owner of the stock, renders the company liable for any damages sustained thereby, *held* that such instruction did not state the law correctly as applicable to the case, in that it ignored the prerequisite that before a railroad can be held liable in such a case for failure to exercise ordinary care and diligence it must be shown that the animal was seen or known to be upon the track, and that the giving of such instruction constituted reversible error.

2. RAILROADS, § 784*—*when company liable for injury to animal on track.* A railroad company is not liable for an injury to an animal trespassing upon its tracks, occurring through the failure of the employees to exercise ordinary care and diligence, unless

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Borah v. Southern Ry. Co., 206 Ill. App. 313.

it is shown that the animal was discovered upon the track and that thereafter such employees could by the exercise of ordinary care and diligence have prevented the injury, or it is shown that said employees were guilty of wilfully and wantonly causing the injury.

Appeal from the Circuit Court of Wayne county; the Hon. J. C. EAGLETON, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 13, 1917.

CREIGHTON & THOMAS and KRAMER, KRAMER & CAMPBELL, for appellant; EDWARD P. HUMPHREY, of counsel.

BOGGS & BOGGS, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee, Jep Borah, sued, before a justice of the peace, appellant, Southern Railway Company, to recover the value of his cow, killed on appellant's right of way by one of its trains, and obtained a judgment for $60. On appeal to the Circuit Court there was a verdict in favor of appellee for $50, for which amount and costs the judgment was entered against appellant, and the latter has brought the record by appeal to this court.

It appeared from the proofs that the cow had in some manner, through no fault of appellee, gotten out of his barn where he had placed her on the evening of December 20th, and strayed upon appellant's right of way within the corporate limits of the Village of Sims in Wayne county. The next morning, between four and five o'clock, she was seen by a witness on the right of way a short distance west of a public highway, which crosses appellant's railroad within said village, nearly at right angles, about half a mile east of the western limits of the village. Some twenty minutes after the cow was seen upon the right of way she was

struck and injured, at a point about forty feet west of said public highway, by a freight train of appellant going in an easterly direction, and running some thirty miles an hour. The land west of the highway at and near where the cow was struck is platted in town lots for a distance of half a mile and there are residences or business houses on both sides of the railroad for some distance west of the crossing. The track west of the highway for a distance of about a quarter of a mile was straight and the view apparently unobstructed. There was a controversy on the part of witnesses for the respective parties as to whether the bell of the engine was rung or the whistle blown at the time or just prior to the time the cow was injured. The engineer and fireman of the engine in question were not produced as witnesses on the trial, and whether or not one or both of them saw the cow before she was struck was not shown by the proofs, but appellee insists that the presumption arising from the evidence, together with the failure of the company to produce the engineer, warranted the jury in finding that the engineer saw the cow upon the track and thereafter failed to exercise ordinary care to avoid injuring her.

The deduction drawn by appellee from the proof seems to us to be somewhat strained and to call upon the imagination to some extent to bear it out. As, however, the case must go back for another trial for errors based upon instructions, we will not comment upon the proof further than to say that at best it shows a very doubtful right of recovery. Upon the trial the court gave the following instruction on the part of appellee: ''The court instructs the jury, as a matter of law, that when, by the use of ordinary care and diligence, on the part of the servants of a railroad company, animals straying upon its tracks can be saved from injury, then it is the duty of such servants

to exercise that degree of care, and a failure to do so, if proved, where the injury results without negligence on the part of the owner of the stock, renders the company liable for any damages sustained thereby." This instruction did not state the law applicable to the facts in the case correctly. Under the decisions in this State the doctrine is well settled that a railroad company is not liable for an injury to an animal trespassing upon its tracks, occurring through the failure of its employees to exercise ordinary care and diligence, unless it is shown that the animal was discovered upon the track and that thereafter the employees of the railroad company could by the exercise of ordinary care and diligence have prevented the injury, or it is shown that said employees were guilty of wilfully and wantonly causing the injury. In *Illinois Cent. R. Co. v. Noble*, 142 Ill. 578, which was an action brought for Noble against the railroad company to recover the value of certain horses belonging to him and killed on the railroad company's tracks by one of its engines, an instruction was asked stating that "unless the plaintiff has proved, by a preponderance of the evidence, that after the horses were seen approaching the track, the trainmen might, by the exercise of ordinary care, have prevented the train from striking the horses, you should find the defendant not guilty." This was modified by the court to read as follows: "Unless the plaintiff has proved, by a preponderance of the evidence, that after the horses were, or by the exercise of reasonable care could have been, seen approaching the track, or on the track, the trainmen might, by the exercise of ordinary care, have prevented the train from striking the horses, you should find the defendant not guilty." The court in its opinion discusses the question of the care to be exercised towards animals trespassing upon railroad tracks by those operating the road, and it is said in the course

of the opinion: "We are not prepared to hold that the duty of a railroad company to mere trespassers, or to the owners of trespassing animals, requires such company to run its trains with a view to the constant probability of trespassers upon its track. * * * We are of the opinion that the instruction in this case, so far as it imposed upon the servants of the defendant in charge of its train the duty of care and caution to discover the presence of trespassing animals of which they knew nothing upon the track, was errroneous, and for that error the judgment will be reversed and the cause will be remanded to the Circuit Court for a new trial.

In *Delta Elec. Co. v. Whitcamp*, 58 Ill. App. 141, this court said in a case involving the killing of stock by a railroad company: "We have examined the record and find the facts to be, the mule of appellee, which was injured in the collision, was trespassing on appellant's track. Under this state of facts, the law is the defendant was not liable for the injury, unless, first, the act was wilful or wanton, or second, that after the animal was discovered to be on the track, the servants of the defendant were negligent." In *Leslie v. Wabash R. Co.*, 118 Ill. App. 606, Mr. Justice Vickers, who wrote the opinion, in speaking of the killing of trespassing animals upon the track of the railroad company, stated that the only duty the company owed the owner of the stock under the circumstances of the case, "was to use all reasonable care to avoid injuring the cattle after they were discovered on the track."

In the case before us, the cow in question was admittedly a trespasser upon the track of appellant at the time she was killed, and therefore, under the authorities above referred to, the instruction given by the court relative to the use of ordinary care and diligence on the part of the servants of the railroad com-

pany did not state the law correctly as applicable to the case, in that it ignores the prerequisite that before a railroad can be held liable in such a case, for failure to exercise ordinary care and diligence, it must be shown that the animal was seen or known to be upon the track, and for this error the judgment will be reversed and the cause remanded.

*Reversed and remanded.*